May it please the Court, I'm Karen Landau, and I represent the appellant Eugene Baker. The question, the ultimate question of this case procedurally today is whether Mr. Baker, whether the case should be remanded so he can state a, whether he can state a viable Second Amendment claim, or whether he in fact did state a viable Second Amendment claim in the complaint that was filed. Were you given an opportunity to amend this complaint? It was dismissed, no, because, no, Your Honor, because it was dismissed for standing, but it was also dismissed as a, with prejudice under Jennings. Right. And, and as I, as you know from the excerpt, I think part of the issue that the government had argued was well, and in fact argued on appeal, was, well, he didn't try to amend his complaint, and he, you know, he should have submitted these documents showing that he in fact was not able to buy a firearm, rather than as an attachment in the motion to dismiss, it should have been more specifically alleged. I've argued, of course, that, in fact, the complaint adequately alleges a Second Amendment violation, but certainly, you know, if it was remanded, we'd have no objection to a mandate. Okay. So I guess my problem is I don't see how we reach the merits, since as the complaint is currently pled, you don't, your client doesn't have standing. Well, no, I don't, I don't agree with you, Your Honor, with all due respect. He does have standing, because if you go to excerpt of Record 53 is the, it's page 3 of the complaint, and he does say that he, you know, he sets forth the fact of his prior conviction for misdemeanor of domestic violence, that he completed probation, that he, you know, that he essentially that he's complied with the 10-year suspension, that he hasn't had any other law enforcement contacts, and then he says in early June he inquired of the personnel at a licensed firearm dealer, and he was informed that he was barred for purchasing a firearm. I would submit to you that that is enough, that shows an ongoing interference with what is now a constitutional, a recognized constitutional right for an individual to possess a firearm in the home for purposes of self-defense. And that is, as I said, ER 53. I'm tired, but did he actually try to buy again? Yes, he did, and this is inartful pleading. He actually did, and that, that is submitted. Because I think just an inquiry is not sufficient. This was raised later on, wasn't it? It was raised later on. It was raised to the trial judge, and the judge, the judge was aware of it. He submitted additional paperwork. He had actually written to the California Department of Justice, got in writing the information that he was in fact barred from legally owning a firearm because of his prior conviction for domestic, for the misdemeanor. So it's in the record, and I actually think, so I think that this Court can fairly reach, certainly can fairly reach the merits. Certainly, I mean, there is a real, especially given the recent Nordyke decision, which was just issued a few days ago, in which the panel decision was finally vacated and the earlier en banc decision was vacated. So now, of course, as I pointed out in my letter, the issue about the standard of review and, of course, whether 922 G9 is subject, where that falls within the range of gun regulations in the Second Amendment is entirely open in this circuit. This circuit now does not even have an established standard of review, although many other circuits have adopted the intermediate standard of review. And this circuit also has not addressed the constitutionality of 922 G9. Of course, the district court did not have the opportunity to do that in the first instance, because it dismissed it based solely on the, its ruling in, this Court's ruling in Jennings. Obviously, I'm not going to try to argue to this panel that Jennings is, that that's for an en banc, that Jennings is invalid. I think that is properly left to an en banc court. I would like to point out, however, that the coalescence between Federal firearm law and this Court's interpretation of California's expungement law has left all Californians convicted of a misdemeanor of domestic violence with a permanent debarment of firearm ownership, no matter how long they stay crime-free, no matter they are going to be permanently debarred. And that, in my opinion, states that this is a misdemeanor. That's right. This is a misdemeanor. And as I pointed out in my brief, there, yes, the footnote in Heller does say, and every court, including this one, has found, that the felon ban is presumptively constitutional under the Heller footnote. But no one has, but Heller did not mention misdemeanors, and in fact, there is a long historical tradition of distinguishing between felonies and misdemeanors. But this is a particular type of a misdemeanor. Domestic violence probably could be a permanent bar. Well, perhaps, yes, and perhaps, no, Your Honor. I think there's two questions here. The first is whether that law, whether the statute is subject to constitutional scrutiny on the basis that it substantially burdens Second Amendment right, which I would submit that it does. But the second is whether the – if it is subject to that type of scrutiny, there has to be a reasonable fit. And all the courts that have discussed the reasonable fit between 922g9 and also 922g8, which is the prohibition on persons who are subject to an order of protection for domestic violence also, they have all discussed it in the context of – they have all discussed it in the context of the statute. And I think that there are remedies for most firearms, for most citizens to get their firearms back. And that is certainly correct in places like in the Fourth Circuit and the States within the Fourth Circuit where this is – where there's three cases right now. There's Chester, which I cited in my brief, and then there's also Staten and Chapman, which have come down more recently. Those – but as I said, for somebody who's convicted in California, there is a permanent debarment. And I question whether, you know, the cases that – that where 922g9 has come up, those cases all involve somebody, ironically, who's being prosecuted under the statute for a criminal violation. They have had a prior conviction for a misdemeanor of domestic violence. And now – and usually they're getting arrested because now they've committed another offense of domestic violence and then guns are found. But that is not the case with my client. And that is – I would submit that's probably not the case with a lot of other plaintiffs. It's just my client has actually, rather than going and violating the law, he has affirmed – he's affirmatively trying to get his gun rights back. So, you know, I think there's a real question whether, in fact, 922g9 is overbrought and overinclusive. Sotomayor, where do you want us to go from here? Do you want us to decide the case or do you want it remanded? Well, I think that – I think that the best – I think that the case should be remanded. I do think it would be helpful and also appropriate if this Court were to address the standard of review, since the question is open in this circuit. And I think it would be difficult for the district – you know, otherwise it's – then the district court's going to have to decide that in the first instance. So, yes, that's – that is the remedy I would request. If there's no further questions, I'll save the rest of my time for rebuttal, but I'm happy to address anything in this. Good morning, Your Honors. May it please the Court. Assistant to the United States Attorney, David A. DeJude, on behalf of the appellee, Attorney General Eric Holder. We urge this Court to affirm the judgment of the district court as – on both grounds. First, that it was dismissed for lack of standing without prejudice. And secondly, that it was dismissed under the Jennings matter because federal law requires an expungement for domestic violence conviction. And under California law, there is no expungement in this statute. Counsel suggested that it's this Court's interpretation of California law. That's not quite accurate. It's this Court's interpretation of how the California Courts of Appeal have interpreted the expungement statute. Unlike Washington and Nevada, which provide a true expungement, California specifically does not provide a true expungement. The Fowley Court and the State Court so found. And in the Jennings case, the Court cited to the legislative record, which said that the California legislature purposefully kept back, knowing that a prior gun conviction would prohibit someone from having a gun. Counsel, let's suppose that we thought Jennings was pretty well established and not overruled in any way by Heller. Why shouldn't we just send this back, have the district court straighten this all out? It's pretty clear that Mr. Baker has probably had enough facts in his pocket to satisfy the standing concern. And then it should just be a straight-up argument about the application of the Second Amendment to this particular provision. So why shouldn't we just send this back, have the district court straighten this all out in the first instance, allow Mr. Baker to amend his complaint and move on? Respectfully, I'm not sure that there's much more that the district court could straighten out, Your Honor. That is to say, the district court dismissed without prejudice on standing ground, but really that was not the determinative factor. As we pointed out in our brief, the determinative factor is this Court's Jennings ruling. Right. But Jennings isn't a Second Amendment judgment. So we don't have a Second Amendment opinion here. There are two problems with that, Your Honor. First, the district court will still be bound by Jennings because the Jennings court itself – Well, that's the statutory argument. So the Constitution trumps that. So Jennings is wrong if the Constitution gives him a right, right? So that issue has to be reached. Yes, except the reasoning under Jennings is that there's nothing in Heller that undermines the reasoning of the prior case younger. That is to say, Jennings was decided and cites the Nordach opinion, rather. The Nordach opinion affirms the constitutionality of this very statute, which is after Heller, and the Nordach opinion states there is nothing that can be legitimately said from Heller that casts doubt on this particular statute, admittedly, as it relates to felons. But the Nordach court, in upholding younger, which upheld the court, the statute that said that this cannot be used as a expungement under California law, specifically addressed Heller. And the Nordach court said Heller did not overrule the prior decision. This statute is constitutional as it relates to felons, and that it's presumptively applicable, notwithstanding Heller and notwithstanding the Second Amendment. Nordach also cites previous Ninth Circuit opinion that says, unless the Supreme Court decision directly abrogates the circuit court, and that's not the case here, then this panel, and certainly the district court, is bound by precedent. And so I'm still – I'm a little confused by your argument, because Heller comes after our decision in Jennings. Yes. But it comes before your decision in Nordach. And Nordach was the one that upheld and cited younger. I'm sorry.  Voxne. In Voxne, Ninth Circuit, 594, Fed 3rd, 1111, the Court states, Nothing in Heller can be read legitimately to cast doubt on the constitutionality of section 922G9. Which case are you reading from? Sure. That's US v. Voxe, V-O-N-Q-X-A-Y.  What page are you on in Voxne? On page 1114. Voxe goes on to state, on page 1116. Wait a minute. But Voxe is dealing with 922G1, right? Yes. It's dealing with the felony application. Right. And we have a misdemeanor here. And we have a misdemeanor. Right. But you're asking about the reasoning and the standard of proof and the applicability of whether or not Heller overruled. The Voxne court addressed that in connection with the felony. But that's an argument that Baker is entitled to make. And I think that a district court is. And then maybe the court of appeals is entitled to rule on. I don't think that's not settled, is it? It's not settled that. Well, but Voxe addresses that, too. At page 1116, Voxne says, the reasoning upon which Younger was based, or if you insert Jennings was based in this case, dash, that the Second Amendment does not give individuals a right to bear arms, was invalidated by Heller. The court goes on to say on page 1116, however, we are still bound by Younger, or in this case Jennings, citing In re Osborne, which states that, a panel of this court may not overrule a decision of a previous panel unless it's en banc. And second, stare decisis concerns the holdings of previous cases, not the rationales. Therefore, the previous case controls. I would suggest that if this court remands, the district court will be compelled to do exactly what it did before and say, although the rationale of Jennings may have been undermined by Heller, the holding still exists, and this law is presumptively valid, particularly addressing Your Honor's point. I'm going to be out of my league here pretty quick. Do any of our prior decisions address the question of misdemeanor convictions? Well, Jennings. But there are no post-Heller decisions that address misdemeanor. There are cases from other circuits which bring up Your Honor's point that. So this is really undecided territory, whether this whole thing applies, whether Heller applies to misdemeanors in the same way, in that way, because we can't just insert Jennings. Jennings was a statutory decision, and now we have to decide it under the Second Amendment, post-Heller. Unless Your Honors find, like Voxney, that nothing in Heller undermined the holdings in Jennings. Well, I think. Jennings is a statutory case. The argument is that the Second Amendment trumps the statute. Yes, Your Honor. But that was exactly the case in Voxney. Voxney dealt with a case. Right. But Voxney is dealing with a felony. Yes. So we don't have a case in our circuit that addresses the question as to whether the Second Amendment preserves the right for someone convicted of a misdemeanor from possessing a firearm. I would only qualify that to say a misdemeanor of domestic violence, which in this case – Qualify it away. I don't think there's a case. I still don't think you've got a case on point, do you? In the Ninth Circuit? Yeah. No, sir. Okay. That's all we're trying to get to. In other circuits, yes. And in other circuits, in the Seventh Circuit, for example, they found the statute presumptive of the – It sounds like the government will have some very strong arguments to make about the persuasiveness of other circuits' decisions, but – Well, the problem is, given the posture of this case and the way it came out and the recent authority and the uniqueness of this thing, it probably should be developed at the district court level before it comes up here and we start – I mean, some of the discussion that Judge Fletcher was raising, while I might find it persuasive, what is the history of making this prohibition on domestic – by people who commit domestic violence? Is there something unique about that? Even if other misdemeanors would be entitled to have a gun, is there something unique about people who are convicted of domestic violence misdemeanors? So there's a record that needs to be developed here, especially in light of all this new case law. And I know that Baker could – seems to be able now to add enough facts to have standing to pursue that. I don't think the standing issue will – will delay anyone in this matter. Yeah. This Court or the Court below. What do you mean by that? I think he has adequate standing. Okay. Eventually. Eventually. He's got to plead it. I don't think standing is the best way to decide this case. Okay. Well, okay. If that's the case, then the only basis for the district court's opinion is Jennings. That's correct. Which we've all acknowledged resolves the statutory question. Yes. And is binding on this panel. Yes. But does not resolve the constitutional question. And the only way this panel would address that is to say that it need not reach the constitutional question or that the constitutional question is not implicated because Heller said that people had a right to bear arms who were law-abiding. This person is admittedly not law-abiding. He had a prior conviction for domestic violence. Heller doesn't abrogate Jennings. Jennings still applies. And it's clear that he hasn't had his conviction expunged under California state law. Okay. Thank you. I reserve the rest of my time. Thank you, Your Honor. Well, I think we're about at the end of our day. So if you want to be quick. I just have a couple of very short points. One, I just wanted to point out, as I'm sure this panel is aware, Vonce falls squarely in the exception that's carved out by Heller. I understand that. I understand that. The other thing is, Mr. You know, the question of law-abiding. Yes, the Second Amendment, Heller says law-abiding citizens. Mr. Baker is a law-abiding citizen. How long? I mean, the question is, how long do you have to be law-abiding? You know, can one misdemeanor conviction ever be used as a permanent debarment? That's the question. And with that, I can see the panel is done, so I will submit. Thank you. Thank you. All right. Baker v. Halter will be submitted, and this session of the Court is adjourned for today. Thank you. All rise. This Court, for this session, stands adjourned.
judges: Fletcher, Wardlaw, Bybee